1

2 **E-Filed 7/27/2010**

3

4

5

6

7

8

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN JOSE DIVISION**

12

| | |
|---|---|
| ANN MARIE LARSEN, | Case Number 5:10-CV-00732 JF (HRL) |
| Plaintiff, | **ORDER[1] GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | Re: Docket No. 10 |
| COUNTY OF SAN BENITO, as a municipal corporation; SHERIFF CURTIS J. HILL, individually and in his official capacity for the County of San Benito; DEPUTY SHERIFF K. BOWEN (#139), individually and in his official capacity for the County of San Benito; DEPUTY SHERIFF I. PEREZ (#142), individually and in her official capacity for the County of San Benito; DETECTIVE V. CASADA (#1D12), individually and in his official capacity for the County of San Benito; and DOES 1-10. | |
| Defendants. | |

24

25 **I. BACKGROUND**

26 This action arises out of an alleged violation of California Civil Code § 52. On March

27

28

---

[1] This disposition is not designated for publication in the official reports.

27, 2008, Plaintiff Ann Marie Larsen ("Plaintiff") was awoken by San Benito County Sheriff's deputies who were seeking to enter a residence owned by Plaintiff's boyfriend's mother. (Mot. to Remand 5) There were several dogs in a gated pen at the Residence. *Id.* Earlier that day, City of Hollister animal control officers had received notice that several aggressive dogs, who lived at the residence were "roaming about and making noise." (Opp'n to Mot. to Remand 2) The residence itself is surrounded by a fence and a locked gate. (Mot. to Remand 5) According to Plaintiff, Defendants arrived at the residence, began pounding the gate, and ordered Plaintiff to open the gate. *Id.* Plaintiff told the deputies that she was not allowed to do so, and that the homeowner would be home soon and they could ask her for permission to enter. *Id.* Based on Plaintiff's alleged lack of cooperation, the deputies entered the residence and arrested Plaintiff for obstruction of justice. *Id.* Defendants were able to take pictures of the dogs through a chain link fence prior to entry. *Id.*

Plaintiff alleges that Defendants did not have a warrant, were not in pursuit of a fleeing suspect, the evidence sought was not likely to be destroyed, and no person's welfare was at stake. *Id.* Plaintiff also alleges that Defendants threatened to break down the door to her room even though the door was already open, forced her to the ground, and performed a full body search on her. *Id.* Plaintiff alleges that she was taken to jail in a nightgown and was not given any other clothing to wear when she was released to walk home. *Id.*

Plaintiff filed the operative complaint in the San Benito Superior Court on December, 11 2009, after an order relieving her from the requirements of the California Tort Claims Act was granted. (Mot. to Remand 1) Before answering the complaint, Defendants sought a writ of mandamus in California's Sixth District Court of Appeal, contesting the Superior Court's ruling on late claim relief. *Id.* The Court of Appeal dismissed the writ application. *Id.*

On February 19, 2010, Defendants filed their answer in the state court and then removed the case to this Court pursuant to 28 U.S.C. § 1441(b). (Mot. To Remand 1) On April 27, 2010, Plaintiff filed the instant motion to remand, alleging that "there are no federal questions or issues

2

1  of diversity that would vest the Federal Court with Jurisdiction." *Id*. Defendants oppose the

2  motion. (Defs.' Opp'n to Pl.'s Mot. To Remand 2)

3                              **II. LEGAL STANDARD**

4  **A.    Removal**

5         A defendant may remove to federal court "any civil action brought in a State court of

6  which the district courts ... have original jurisdiction." 28 U.S.C. § 1441(a). Removal, therefore,

7  is only proper when a case originally filed in state court presents a federal question or is between

8  citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28

9  U.S.C. §§ 1331, 1332(a). "The removal statute is strictly construed against removal jurisdiction

10 [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't*

11 *of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).

12 "Where doubt regarding the right to removal exists, a case should be remanded to state court."

13 *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

14 **B.    Federal Question Jurisdiction**

15        "The presence or absence of federal question jurisdiction is governed by the 'well-

16 pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

17 question is presented on the face of the plaintiff's properly pleaded complaint." *California v.*

18 *United States*, 215 F.3d 1005, 1014 (9th Cir. 2000), quoting *Audette v. In'tl Longshoremen's and*

19 *Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999). "Under that rule, [a court] must

20 look to 'what necessarily appears in the plaintiff's statement of his [or her] own claim..., unaided

21 by anything alleged in anticipation of avoidance of defenses which it is thought the defendant

22 may interpose.'" *Id.* at 1014-15, quoting *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841,

23 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989). "In addition, the plaintiff is the 'master' of her case,

24 and if she can maintain her claims on both state and federal grounds, she may ignore the federal

25 question, assert only state claims, and defeat removal." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485

26 (9th Cir. 1996) (citation omitted).

27

28

                                        3

1
2
3
4
5
6
7
8
9
10
11

Even when the face of a plaintiff's complaint does not allege a claim arising exclusively under federal law, removal still may be proper. "Under the artful pleading doctrine, a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint. ... The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim." *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citation and quotation marks omitted). "Since its first articulation ... courts have used the artful pleading doctrine in: (1) complete preemption cases, and (2) substantial federal question cases. Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* at 1041-1042 (internal citations and quotation marks omitted).

12
13
14
15
16
17

In determining whether a claim under state law also arises under federal law and confers federal question jurisdiction, the proper "question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

18

### III. DISCUSSION

19
20
21
22
23
24
25
26
27
28

Plaintiff contends that all of the claims for relief alleged in her complaint are grounded in California statutory law and common law torts. (Mot. to Remand 1) She concedes that her claim makes reference to the United States Constitution, but she argues that each of her claims rest on separate and independent state law grounds. *Id.*, quoting (Complaint, ¶ 2) ("[T]he Complaint justifies that 'this action is brought pursuant to California Civil Code § 52 et. seq. and specifically those provisions dealing with the exercise of Civil Rights secured by the Constitution and law of the State of California under Article 1, Section 13 and the United States Constitution.") Defendants argue that this Court must exercise its federal question jurisdiction

4

1   because "the case cannot be fully or properly adjudicated without a determination as to

2   construction and application of the applicable federal laws." *Id*.

3        The Ninth Circuit has held that "the invocation of [federal law] as a basis for establishing

4   an element of a state law cause of action does not confer federal question jurisdiction when the

5   plaintiff also invokes a state constitutional provision or a state statute that can and does serve the

6   same purpose." *Rains v. Criterion Syst.*, 80 F.3d 339, 345 (9th Cir. 1996).  Moreover, "[w]hen a

7   claim can be supported by alternative and independent theories-one of which is a state law theory

8   and one of which is a federal law theory-federal question jurisdiction does not attach because

9   federal law is not a necessary element of the claim." *Rains v. Criterions Sys., Inc.*, 80 F.3d 339,

10   346 (9th Cir. 1996), citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S.Ct.

11   2166, 100 L.Ed.2d 811 (1988).

12        Defendants attempt to distinguish *Rains* by relying on a footnote in *Pickern v. Best*

13   *Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1132 n.5 (N.D. Cal 2002).  In

14   that case, a disabled individual attempted to establish federal question jurisdiction in connection

15   with a state law claim for damages by arguing that "her state law claims turn on a 'substantial,

16   disputed federal question' of whether defendants violated the [Americans With Disabilities

17   Act]." *Id*. at 1131.  As Defendants point out, the court recognized that federal courts "must"

18   exercise federal question jurisdiction in certain circumstances involving state law claims

19   "premised solely on a violation of [federal law]." *Id*. at 1132 n. 5.  However, the court also

20   expressed concern adoption of the "view that state damages claims based on [federal law] create

21   federal question jurisdiction ... would have the impermissible effect of allowing state legislation

22   to expand the jurisdiction of the federal courts." *Id*. at 1133, citing *Burford v. Sun Oil Co.*, 319

23   U.S. 315, 317, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

24        This Court declines to exercise federal question jurisdiction over Plaintiff's state law

25   claims in the instant action because federal law is not a necessary element of any of the claims.

26   See *Rains*, 80 F.3d at 346.  Under California Civil Code § 52.1, individuals who are seeking

27   redress for violations of their civil rights are allowed to have their case heard in state court.  Cal.

28

1   Civ. Code § 52.1 (West 2010).  As in *Pickern*, Plaintiff's civil rights claim arises under

2   California state law that among other things prohibits certain violations of the United States

3   Constitution.  Although they refer to the Constitution, each of Plaintiff's claims has a separate

4   and independent basis under the California Civil Code, and thus does not necessarily arise under

5   federal law.  (Mot. to Remand 6), see also Cal. Civ. Code § 52.1 (West 2010).  Moreover, the

6   complaint does not make reference to 42 U.S.C. § 1983 or any other federal civil rights statute.

7   (Compl. 1-21)

8                                        **V.  ORDER**

9

10          Good cause therefore appearing, the motion to remand is GRANTED; case number 10-

11   CV-00732 is hereby remanded to the Superior Court of San Benito County.  The Clerk shall

12   transmit the file to that court.

13

14    DATED: July 27, 2010

15                                                     JEREMY FOGEL
                                                       **UNITED STATES DISTRICT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Number 5:10-CV-00732-JF (HRL)
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
(JFEX3)